IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Darrell Jenkins, #191569, ) | |
| ) | Civil Action No. 6:10-2782-HFF-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Warden Willie L. Eagleton, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motion for summary judgment (doc. 19). The plaintiff, a state prisoner proceeding *pro se*, filed his complaint seeking relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On January 5, 2011, the defendants filed a motion for summary judgment. By order filed that same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff did not file a timely response. Accordingly, on March 11, 2011, this court issued an order giving the plaintiff through April 4, 2011, to file his response. When the plaintiff again did not file a timely response, this court issued a Report and Recommendation on April 6, 2011, recommending that the complaint be dismissed for failure to prosecute. That same day, the plaintiff moved for an extension of time to respond to the motion for summary judgment. Accordingly, on April 7, 2011, this court rescinded the Report and Recommendation and

gave the plaintiff until May 2, 2011, to file his response. The plaintiff filed his response on May 2, 2011.

## **FACTS PRESENTED**

The plaintiff is currently incarcerated at Evans Correctional Institution ("ECI") in Bennetsville, South Carolina, serving a 30-year sentence for armed robbery. On January 4, 2010, the plaintiff was charged with possession of a cell phone and possession of contraband after a routine search of his cell (Annie Sellers aff. ¶ 6, ex. B). The plaintiff was formally notified in writing of his charges on January 7, 2010 (*id.* ¶ 6, ex. A). A hearing on those charges was held on January 11, 2010, before Disciplinary Hearing Officer Annie Sellers (*id.* ¶ 7). The hearing was recorded on an audio cassette tape (*id.* ¶ 8). The plaintiff did not request that his accuser be present nor did he request the assistance of a counsel substitute (*id.* ¶ 9). Defendant Sellers found the plaintiff guilty of the charges (*id.* ¶ 10). Defendant Sellers imposed disciplinary sanctions including restrictions on phone use, canteen use, visitation, disciplinary detention time, and loss of good time credits for each conviction (*id.*, ex. A).

In his complaint, the plaintiff alleges that his due process rights were violated in relation to the inmate disciplinary hearing. He claims he was never "formally charged" with the offenses at issue, and the defendants conspired to deprive him of his constitutional rights (pl. resp. m.s.j. at 4; comp. at 1). He also alleges the defendants caused him extensive mental and emotional distress, placed him in punitive segregation, committed civil conspiracy, and failed to adhere to institutional policies and procedures in addressing his grievances. The plaintiff named as defendants Ms. Sellers, Warden Willie L. Eagleton, Major Steven Nolan, and Inmate Grievance Coordinator A. Graves. He seeks release from the Special Management Unit ("SMU"), restoration of all privileges, expungement of his disciplinary conviction, compensatory damages, and punitive damages.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

*Procedural Due Process*

The plaintiff first alleges that his procedural due process right was violated based upon his charges and convictions for possession of a cell phone and possession of contraband. "In order to prevail on either a procedural or substantive due process claim, inmates must first demonstrate that they were deprived of 'life, liberty, or property' by governmental action." *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). In *Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974), the United States Supreme Court held that a prisoner's accumulation of good time credits, which can affect the length of his incarceration, may give rise to a constitutionally protected liberty interest. See *Hinton v. Sutton*, C.A. No. 93-7233, 1994 WL 52189, at *1 (4th Cir. 1994) (citing *Wolff*, 418 U.S. at 563-66) ("When loss of good-time credits or solitary confinement is at issue, the United States Supreme Court has mandated the following procedural safeguards: (1) advance written notice of charges; (2) written findings; and, generally, (3) the right to call witnesses.").

There is no evidence that the inmate disciplinary procedure utilized in this case in any way violated the procedural due process requirements of the Constitution. The South Carolina Supreme Court has recognized that the administrative disciplinary procedures of the South Carolina Department of Corrections ("SCDC") comply with constitutional due process requirements. *Al-Shabazz v. State*, 527 S.E.2d 742, 752 (S.C. 2000) ("Department's disciplinary and grievance procedures are consistent with the standards delineated by the Supreme Court in *Wolff v. McDonnell*.").

In this case, the plaintiff was provided with all of the procedural due process requirements of *Wolff* and its progeny. The plaintiff was provided with a pre-hearing notice of his charge. He waived the ability to request a counsel substitute and also waived any right to have his accuser present at the hearing. He was afforded the right to call witnesses, and his hearing was held before a neutral hearing officer designated to review inmate

4

disciplinary charges. The hearing was recorded on an audiocassette to preserve a record for appellate review. The plaintiff was provided with a written disposition of the charges against him (see Sellers aff. ¶¶ 1-10, ex. A).

Furthermore, the plaintiff had more than ample avenues for appellate review of his conviction. The South Carolina Supreme Court has held that inmates who have experienced a deprivation of a protected liberty interest, such as a loss of good time credits, can appeal that deprivation to the administrative law courts for relief. See *Furtick v. SCDC*, 649 S.E.2d 35, 37 (S.C. 2007) ("inmate is entitled to judicial review of the final decision in a non-collateral or administrative matter, which includes a disciplinary hearing").

Based upon the foregoing, this court finds that the plaintiff was provided with adequate procedural due process protections for the charged disciplinary offenses. The plaintiff's bald allegations of a procedural due process violation fail, and this claim should be dismissed.

### *Heck v. Humphries*

In addition, the plaintiff "may not recover damages under § 1983 for an 'allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,' without first having that conviction or sentence reversed, expunged, or called into question by a writ of habeas corpus." *Gibbs v. S.C. Dept. of Probation, Parole and Pardon Svcs.*, No. 97-7741, 1999 WL 9941, at *2 (4th Cir. 1999) (quoting *Heck v. Humphries*, 512 U.S. 477, 486-87 (1994)). The United States Supreme Court specifically extended the *Heck* reasoning to the context of procedural deficiencies in inmate disciplinary convictions in *Edwards v. Balisok*, 520 U.S. 641, 645-47 (1997).

Here, the plaintiff's claim for declaratory relief and money damages based on allegations of a conspiracy on the part of the defendants and procedural defects in his hearing, if established, would necessarily imply the invalidity of the convictions and the

5

deprivation of his good time credits. However, the plaintiff has failed to offer any evidence those convictions have been overturned. Accordingly, his claim is not cognizable under Section 1983.

***Placement in SMU***

The plaintiff further alleges that his placement in the SMU to serve out his disciplinary detention time violated his due process rights. There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. See *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983). Thus, the placement and assignment of inmates to particular institutions or units by state or federal corrections departments are discretionary functions and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-1017 (4th Cir. 1984).

It is well settled in this judicial district that no existing state or federal laws confer any protected liberty interests upon inmates from being classified or placed in administrative segregation within a particular prison or in a particular section of a prison. *See, e.g., Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C.1992) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) (If a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional provisions, "the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.").

Furthermore, in *Sandin v. Conner*, 515 U.S. 472 (1995), the United States Supreme Court held that a change in the condition of a prisoner's confinement that does not exceed the scope of the original sentence gives rise to a federally-protected liberty interest only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. The Court concluded that the plaintiff's

6

"segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 485. The plaintiff's claims regarding his custody classification and prison assignment fail to rise to the level of a constitutional violation.

To the extent the plaintiff argues that the defendants have violated SCDC policies or procedures in placing him in this custody classification, even if this claim is true, violations of policies and procedures do not rise to the level of a constitutional violation. See *Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir.1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Keeler*, 782 F.Supp. at 44 (violations of prison policies that fail to reach the level of a constitutional violation are not actionable under § 1983). The defendants are entitled to summary judgment on this claim as well.

***Grievances***

The plaintiff alleges that his constitutional rights were violated because the defendants failed to timely process and/or respond to his written staff requests and grievances (pl. resp. m.s.j. at 15). "The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994). Even assuming that defendants violated their own grievance procedures, such actions do not state a claim that is actionable under Section 1983. See *Brown v. Dodson*, 863 F.Supp. 284, 285 (W.D.Va.1994). Accordingly, this claim fails.

***Civil Conspiracy***

The plaintiff also alleges that the defendants conspired to violate his constitutional rights. To establish a civil conspiracy under Section 1983, the plaintiff must present evidence that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in the [plaintiff's] deprivation of a

constitutional right." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996) (citing *Hafner v. Brown*, 983 F.2d 570, 577 (4th Cir. 1992)). The plaintiff has come forward with absolutely no evidence of a mutual understanding of the defendants or that any of the actions or inactions of the defendants amounted to constitutional violations. Accordingly, the plaintiff's conspiracy claims fail.

*Immunity*

As an additional ground for dismissal, the defendants in their individual capacities are entitled to qualified immunity as described in *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) and its progeny, as their conduct did not violate any constitutional right of the plaintiff. Further, in their official capacities, the defendants may not be sued under Section 1983 for damages, as an allegation against them in their official capacities with the SCDC is an action against the State and thus is barred by the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 71 (1989).

*State Law Claims*

Having found that the defendants are entitled to summary judgment regarding the plaintiff's constitutional claims, it is recommended that the court decline to exercise supplemental jurisdiction over any claims for relief asserted pursuant to state law. See 28 U.S.C. § 1367(c) (3).

### CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment (doc. 19) be granted.

July 28, 2011                                             s/ Kevin F. McDonald
Greenville, South Carolina                        United States Magistrate Judge

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).